# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DIANE MODEN<br><br>Debtor | Chapter 7<br>Case No. 15-10213-MSH |

## MEMORANDUM OF DECISION AND ORDER ON DEBTOR'S AMENDED MOTION TO AVOID JUDICIAL LIEN

Diane Moden, the debtor in this case, seeks to avoid Hanscom Federal Credit Union's (HFCU) judgment lien on her residence in Arlington, Massachusetts pursuant to Bankruptcy Code § 522(f) because it impairs her homestead exemption in the property. Had HFCU's lien impaired her exemption at the time the lien attached, Ms. Moden most assuredly could have achieved § 522(f) avoidance. But it did not and there's the rub.

The facts relevant to this matter are straightforward.[1] In 2001 Ms. Moden and her then husband, Scott Moden, purchased the Arlington property, taking title as tenants by the entirety. Currently and at all relevant times, Wells Fargo Bank holds the first mortgage on the property and HFCU holds the second as the successor by merger of Milestone Federal Credit Union. The Modens are each liable on the notes secured by the first and second mortgages. On December 1, 2008, HFCU obtained an execution to enforce a state court judgment against Mr. Moden in the amount of $27,371.63. This judgment is unrelated to HFCU's second mortgage. On January 21,

---

[1] They are taken from Ms. Moden's brief filed in support of her amended motion to avoid the judicial lien and from the docket in this case and the docket in the bankruptcy case of her former husband, Scott Moden. A court may take judicial notice of its own dockets. *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999).

1

2009, the county deputy sheriff recorded notice of her levy on the execution in the appropriate registry of deeds thereby perfecting a lien on Mr. Moden's interest in the Arlington property to secure HFCU's judgment.

On March 12, 2012, Mr. Moden filed a chapter 13 petition in this court (case #12-12032-MSH). On the schedules of assets and liabilities filed by Mr. Moden in support of his petition, in addition to listing HFCU as a secured creditor by virtue of its second mortgage on the Arlington property, Mr. Moden listed HFCU as an unsecured creditor in the amount of $27,371.63. This liability appears to be the one arising from HFCU's judgment. To date, Mr. Moden has not sought in his bankruptcy case to avoid HFCU's judicial lien despite listing the underlying liability as unsecured.

In 2013 the Modens divorced. Their separation agreement dated January 18, 2013, which was merged into the probate and family court's judgment of divorce nisi also entered on January 18, 2013, contains a number of provisions of relevance to the issue before me. Under the agreement, title to the Arlington property remained in the names of Mr. and Ms. Moden.[2] According to the agreement, after March 15, 2021, either of the divorced parties could cause the property to be put up for sale at which time Ms. Moden had the option to purchase Mr. Moden's interest in the property for 50% of the property's equity based on its market value at that time. If Ms. Moden declined to buy Mr. Moden out, the property would be sold to a third party and the

---

[2] Ms. Moden asserts that under the separation agreement, she and Mr. Moden agreed to hold the property as joint tenants after the divorce but the agreement contains no such provision. By operation of Massachusetts law upon the couple's divorce their ownership was converted from that of tenants by the entirety to that of tenants in common, *Coraccio v. Lowell Five Cents Sav. Bank*, 415 Mass. 145, 149 (1993).

2

net proceeds divided equally. Additionally the agreement provided that Mr. and Ms. Moden would "be equally responsible for any debt not discharged under [Mr. Moden's] bankruptcy petition." (sic).

The practical effect of the agreement and judgment of divorce was that Ms. Moden's interest in the Arlington property became subject to HFCU's judicial lien. Upon the sale of the property to a third party that lien would be paid off before the net sale proceeds were equally divided by Mr. and Ms. Moden. If, on the other hand, Ms. Moden opted to buy Mr. Moden out by paying him 50% of the equity in the property, she would own the property subject to the lien. Either way, upon entry of the divorce decree, the HFCU judgment which had been the liability of Mr. Moden exclusively, secured by a lien solely against his interest in the Arlington property, had been expanded to encompass a lien encumbering Ms. Moden's interest as well.

Ms. Moden filed her voluntary petition commencing this chapter 7 case on January 20, 2015. Thereafter, she filed a motion to avoid HFCU's judicial lien on the Arlington property. The motion, which unbeknownst to the court contained incorrect information regarding the lien, was unopposed and routinely allowed. Upon realizing that the incorrect information about the lien rendered the court's order ineffective, Ms. Moden filed an amended motion to avoid the lien containing correct information. It became apparent from the amended motion that HFCU's lien as recorded was not against Ms. Moden's interest in the property but rather against Mr. Moden's interest only.[3] While the amended motion, too, was unopposed, I raised with Ms. Moden's

---

[3] Ms. Moden's amended motion contained no discussion about the divorce agreement.

3

counsel my concern about his client's ability to invoke § 522(f) to avoid a lien against her former husband's interest in property. I gave counsel an opportunity to brief the issue which he did.

Ms. Moden argues that by agreeing to share equal responsibility with Mr. Moden to pay HFCU's judgment lien as part of their divorce agreement, the lien affects her interest in the Arlington property thereby impairing her exemption rights and entitling her to invoke Bankruptcy Code § 522(f) to avoid the lien. This is a sensible argument which might have carried the day had § 522(f) been three words shorter.

The statute provides in pertinent part:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid *the fixing of* a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . (Emphasis added).

The words "the fixing of" are Ms. Moden's undoing. The Supreme Court of the United States explains:

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event-the fastening of a liability-presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as "an interest of the debtor in property." Therefore, unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).

*Farrey v. Sanderfoot*, 500 U.S. 291, 296, 111 (1991) (internal footnotes omitted).

In other words, in order for Ms. Moden to be eligible to invoke § 522(f) to avoid HFCU's judgment lien, the lien must have impaired her exemption at the time it attached on January 21, 2009. On that date, however, it attached only to Mr. Moden's tenancy by the entirety interest in

4

the Arlington property. Under Massachusetts law, Ms. Moden's ownership interest and homestead exemption remained unaffected by HFCU's lien. *Coraccio*, 415 Mass. at 149; *Peebles v. Minnis*, 402 Mass. 282, 283 (1988). In fact, had Mr. Moden died, Ms. Moden would have succeeded to ownership of the property entirely free of HFCU's lien. *Coraccio*, 415 Mass. at 151.

Here, Ms. Moden's interest in the Arlington property became affected by HFCU's lien well after the lien had attached, when, with her agreement, the probate court ordered that her interest in the property would be subject to the lien. Again to quote the Supreme Court:

> Section 522(f)(1) does not state that any fixing of a lien may be avoided; instead, it permits avoidance of the "fixing of a lien on an interest of the debtor." If the fixing took place before the debtor acquired that interest, the "fixing" by definition was not on the debtor's interest.

*Farrey v. Sanderfoot*, 500 U.S. at 298.

For the reasons set forth herein, the amended motion is DENIED.

Dated: January 8, 2016

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    Robert Sable, Esq.
                     Greater Boston Legal Services
                     Boston MA
                     for Diane Moden

5